# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOLA GONZALEZ : | |
|     Plaintiff : | |
| : | |
| vs. : | Case No. |
| : | |
| BULKMATIC TRANSPORT COMPANY, : | |
|     Defendant : | |

## COMPLAINT

AND NOW, comes the Plaintiff, Lola Gonzalez, by and through her undersigned counsel, Sara A. Austin, Esq., AUSTIN LAW FIRM llc, and files this Complaint of which the following is a statement:

### I. Parties

1. Plaintiff, Lola Gonzalez (hereinafter "Plaintiff" or "Gonzalez"), is an adult individual with a residential address at 1560 Filbert St., York, Pennsylvania 17404. Plaintiff is represented by Austin Law Firm LLC.

2. Defendant, Bulkmatic Transport Company (hereinafter "Defendant"), is an Indiana corporation with a registered address c/o CT Corporation System, 150 W. Market St., Indianapolis, IN 46204. Defendant does business in the Commonwealth of Pennsylvania, at 1116 Roosevelt Ave, York, PA 17404.

## II. Jurisdiction and Venue

3. Jurisdiction is proper over Defendant because it does business in the Commonwealth of Pennsylvania and therefore both parties are located in this Commonwealth.

4. Venue is proper in the Middle District of Pennsylvania because the Defendant has a place of business in York County at which Plaintiff was employed, the cause of action arose in York County, and both parties are located in York County.

## III. Factual Allegations

5. Gonzalez was the only female employed at Defendant's terminal facility in York, Pennsylvania.

6. For many years, Gonzalez endured harassment from her supervisor (and Defendant's agent), Bill McCann (hereinafter "McCann"), and other employees because McCann told her that if she made any complaints, he would ensure that she lost her job.

7. Defendant's drivers called Gonzalez "cunt" and "bitch", told her to 'suck my dick", and made other similar comments.

8. McCann did nothing when told about these comments.

9. In February 2012, Defendant's corporate office notified Gonzalez, as part of her job, to send a York facility employee for a random drug test.

10. The employee refused to take the random drug test so Gonzalez took the issue to McCann; his response was similar to "you fucking bitch, talk to me before you do that!"

11. After Gonzalez reminded McCann that has been doing this as part of her job for 5 years, McCann talked to the employee and then asked Gonzalez if the test could be delayed.

12. Upon receiving a negative response from Gonzalez, McCann told Gonzalez that she had ruined the employee.

13. McCann thereafter sent the employee for the test and, contrary to policy and Gonzalez' request, thereafter returned him to work.

14. When a safety manager concurred with Gonzalez's statement that the employee should be sent home, only then did McCann agree and send the employee home.

15. The next day McCann again called Gonzalez a bitch.

16. It is further believed, and therefore averred, that the employee subject to the random drug test told his supervisor that McCann had said not to worry about Gonzalez, the he (McCann) would deal with her.

17. Again, upon information and belief, it is averred that the employee's supervisor told him to take the random drug test or be fired; when the employee still said no, the supervisor told him it was Defendant's policy.

18. During her employment with Defendant, McCann never allowed Gonzalez to take vacation time during the October – December time frame.

19. McCann's only reason for the vacation denial was that male employees needed time off for hunting.

20. McCann also denied Gonzalez's requests that someone be flown in from another plant (as was done for other circumstances) to cover her absence but McCann gave no business justification for his denial.

21. McCann also complained about Gonzalez to other management personnel, at times referring to her as "bitch" during those conversations, and at least one employee overheard one or more of these conversations.

22. In direct conversations with McCann, the employee who overheard the conversations was told by McCann that Gonzalez was a "bitch", "on the rag", and similar gender-related comments that were totally unrelated to her job performance (on which McCann never commented).

23. On one occasion, an employee told Gonzalez to "suck my cock", after which Gonzalez reported same to McCann.

24. McCann took no action, instead telling Gonzalez that the employee was an alcoholic and Gonzalez should not contact HR but instead he (McCann) would deal with the employee as he feels the employee should be dealt with.

25. McCann always told Gonzalez that it was "a man's world".

26. At some point, the supervisor of the employee subject to the random drug test incident told Gonzalez that McCann did not like females and that he (the supervisor) was surprised Gonzalez had been hired.

27. The Monday after Easter 2012, there was a blow-up between Gonzalez and McCann; Gonzalez finally told Amy Villareal in Human Resources (hereinafter "HR") what had been going on (including the incident that day).

28. Later that week, HR arranged a conference call between Gonzalez, McCann, and HR; nothing was resolved.

29. McCann's treatment of Gonzalez worsened after the call.

30. Shortly after the call, another employee, James Wright (hereinafter "Wright"), approached Gonzalez to inquire about the status of her employment since he had been offered her job (pending an interview).

31. The following week Wright told Gonzalez that he had interviewed and been offered the job.

32. Wright further discussion evidenced that that he would be paid a salary approximately $10,000/year more than Gonzalez was being paid, plus he would receive travel or similar expense reimbursement that Gonzalez did not receive.

33. Approximately a week after the call (referenced in Paragraph 22), and after the events in Paragraphs 23 – 26 above, Gonzalez's employment was

terminated by letter from HR, which letter was hand-delivered to Gonzalez by Bobby Adams who had flown in from Indiana.

34. The discharge letter alleges that the discharge was due to lack of business and a departmental restructuring.

35. After discharge, Gonzalez was replaced with a male employee; upon information and belief, Plaintiff avers Wright was put into McCann's position and McCann was demoted and placed in Gonzalez's former position.

36. After discharge, Gonzalez filed a charge with the PHRC; same was dismissed by letter/Notice received by Gonzalez on 8/16/14.

## COUNT I – SEX DISCRIMINATION

37. Paragraphs 1 - 36 above are incorporated by reference herein as if set forth at length.

38. Gonzalez was qualified for and ably performed her job with Defendant.

39. Defendant took adverse action against Defendant because of her sex, female.

40. Defendant replaced Gonzalez with a male employee.

41. Gonzalez suffered damages as a result of the adverse action.

42. The referenced conduct/actions violate the Pennsylvania Human Relations Act, 43 PS §955.

43. The referenced conduct/actions also violate Title VII of the Civil Rights Act, 42 USC §2000e-2 and/or 2000e-3, and are additionally compensable under Section 1981a, 42 USC §1981a.

44. Upon information and belief, it is averred that, in order to avoid liability for discrimination, Defendant hired two (2) other female employees subsequent to discharging Gonzalez.

45. The hiring of the other female employees was mere pretext and does not overcome the discharge of Gonzalez based on her sex.

46. Gonzalez demands a trial by jury.

WHEREFORE, Plaintiff, Lola Gonzalez, demands judgment against Defendant, Bulkmatic Transport Company, for back and front pay, lost benefits, punitive damages, and attorneys' fees, all as allowed by applicable statute, interest from judgment until paid in full, costs of suit, and such other relief as may be just and proper.

Respectfully submitted,

By: /s/ Sara A. Austin
Sara A. Austin, Esquire
Supreme Ct. I.D. #59052
226 E. Market St.
York, PA  17403
Telephone (717) 846-2246
saustin@austinlawllc.com
Attorney for Plaintiff

## **VERIFICATION**

I verify that the information set forth in the foregoing Complaint is true and correct to the best of my knowledge, information and belief. I understand that any false statements contained herein are subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

Date: 11/3/14

Lola Gonzalez